STATE *v.* STEIN.

The act of the General Assembly, passed 19th February, 1825, which gives Justices of the Peace jurisdiction, in cases of breaches of the peace—held, to be repugnant to the Constitution of the United States and this State. (Note *a.*)

IN ERROR.

TOMPKINS, J., delivered the opinion of the Court.

Stein was indicted for an assault and battery in the Circuit Court of Jefferson county. He pleaded a former acquittal of the same offence before a Justice of the Peace; to this plea there was a demurrer which was overruled by the Circuit Court, and to reverse the judgment of the Circuit Court this writ was sued out. By an act of the Assembly, passed the 19th February, 1825, jurisdiction in cases of breaches of the peace was allowed to Justices of the Peace, and the accused might be tried and convicted without a previous indictment by a grand jury. The fifth article of the amendments to the Constitution of the United States, provides, among other things, that no person shall be deprived of life, liberty, or property, without due process of law : and the State Constitution, art. 13, sec. 9, declares that the accused cannot be deprived of life, liberty or property, but by the judgment of his peers, or the law of the land. Mr. Kent, in his commentaries on American law, says, that the right of personal security is guarded by provisions which have been transcribed into the Constitutions of this country from Magna Charta, and other fundamental acts of the English Parliament. We must then examine and find out the meaning given by the English Courts and sages of the law to the terms used in Magna Charta, (68) and those other fundamental acts of the English Parliament, in order to ascertain the intention of the framers of the Constitution of the United States and of this State. The same author adds, page 9th of 2d vol. of his commentaries : " It may be received as a self evident proposition, universally understood and acknowledged throughout this country, that no person can be taken, or imprisoned, or disseized of his freehold or liberties, or estate, or exhiled or condemned, or deprived of life, liberty or property, unless *by the law of the land or the judgment of his peers.*" The words, " by the law of the land or the judgment of his peers," are the very words used by the framers of our State Constitution. Let us see then what is their signification in the country from which we have borrowed them. Mr. Kent continues, " the words, *by the law of the land,*" as used in Magna Charta in reference to this subject, are understood to mean due process of law ; that is, by indictment or presentment of good and lawful men. And this, says Lord Coke, is the true sense and exposition of these words." Mr. Kent says, " that the Constitution of the United States, and the Constitution of almost every State in the Union, contain the same declarations in substance, and nearly in the same language ; and we have seen that he concludes by stating it as a self evident proposition, that no man in these States can be deprived of liberty or property, but by the law of the land or the judgment of his peers ; that is, by indictment or presentment of good and lawful men, a grand jury.

This privilege is secured by the Constitution of the United States. But the framers of our State Constitution, not content with the provisions of the Constitution of the United States, have used terms more explicit than those used in the Constitution of the United States, and they have used language, too, in expressing their intentions, which is clearly and correctly understood. But it is provided in the statute, that the accused may, if he chooses, be indicted and tried in the Circuit Court, and that if tried before a Justice of the Peace under the statute, it must be by consent. To this it may be answered, that, where the Constitution has denied jurisdiction, his consent cannot give it. It is the opinion of the Court, that the act giving such jurisdiction to Justices of the Peace, is inconsistent with the privileges secured by the Constitution of this State to the citizen, and that it is therefore so far void, as its provisions are inconsistent with the Constitution.

The judgment of the Circuit Court is reversed.

N. B. The bar would not argue this case: for the authorities cited, the Court is (69) indebted to Mr. Hunt, Circuit Attorney of 2d Judicial Circuit.

(a.) See The State v. Ledford, 3 Mo. R., p. 102,